# EXHIBIT 1



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

October 31, 2019

John Hueston, Esq.
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

Re:     <u>*United States v. William McGlashan*</u>, No. 19-cr-10080-NMG

Dear Mr. Hueston:

We write in follow-up to our meeting on October 2, 2019, during which we discussed your letters of September 3, 2019 and September 24, 2019, and agreed to further address categories 91 through 130 of your letter of September 3, 2019. This letter supplements the government's responses of September 16, 2019, September 24, 2019, and October 1, 2019.

<u>Requests 91-92</u>

We believe we have produced all recordings subject to production at this time. We are aware of our continuing discovery obligations. Should we identify additional recordings subject to production under Fed. R. Crim. P. 16, *Brady*, *Giglio* or the Jencks Act, we will produce those as required under the Local Rules.

<u>Requests 93, 98, 124-126, 129-130</u>

These requests seek *Giglio* information. To the extent the government is in possession of any responsive materials, such materials will be produced no later than 21 days before trial. *See* Local Rule 16(b)(2).

<u>Requests 94-97, 99-102, 106-107, 109, 120, 122-123</u>

As noted, we believe we have produced all materials subject to production at this time. To the extent that your requests seek statements subject to production under *Giglio* or the Jencks Act, we will produce those materials as required under the Local Rules. To the extent your requests seek purported *Brady* materials, they are improper insofar as they seek "[a]ll documents,

witness statements, or other evidence that could support" various conclusions, and thus fail to present specific, narrowly tailored requests. Such wildly overbroad requests are precisely the type of fishing expedition that *Brady* does not permit. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."). In any event, to the extent you seek evidence regarding the defendant's knowledge, intent, state of mind, and other categories of evidence that are known to him, such information, to the extent it exists, is not subject to production under *Brady*. *See United States v. Bender*, 304 F.3d 161 (1st Cir. 2002) ("*Brady* applies to material that was known to the prosecution but unknown to the defense").

Requests 103-105, 108, 110-112, 116, 121, 127-128

To the extent your requests seek purported *Brady* materials, they are improper, insofar as they seek "[a]ll documents, witness statements, or other evidence that could support" various conclusions and thus fail to present specific, narrowly tailored requests. Moreover, these requests seek information that is neither relevant nor material to the crimes charged. For example, whether the defendant's son had a learning disability is irrelevant to whether the defendant agreed to bribe a test administrator to permit a purported proctor to change the defendant's son's answers on the ACT. Likewise, whether the defendant was pursuing other avenues to obtain his son's admission to USC has no relevance to whether he conspired to seek his son's admission to USC via bribery and fraud. Similarly, the extent to which cheating is, or is not, prevalent on the ACT or SAT has no conceivable relevance to the crimes charged here.

Requests 113 & 115

These requests seek evidence regarding the defendant's own knowledge, intent, state of mind, and other information known to him. Such information, to the extent it exists, is not subject to production under *Brady*. *See Bender*, 304 F.3d at 161. Nevertheless, the government notes that in an interview on or about September 27, 2018, Singer advised agents, in sum and in substance, that your client would not be using the side door, but would be "going through his own connections."

Requests 117-119

To the extent documents responsive to these requests exist and are in the government's possession, custody, or control, we believe they have been produced. To the extent that your requests seek statements subject to production under *Giglio* or the Jencks Act, we will produce those materials as required under the Local Rules.

If, after reviewing the discovery previously provided as well as our responses herein, you continue to have questions, we would be happy to discuss further.  In the meantime, we reiterate our request for reciprocal Rule 16 discovery.

Sincerely,

ANDREW E. LELLING
United States Attorney

By:  */s/ Kristen A. Kearney*
     ERIC S. ROSEN
     JUSTIN D. O'CONNELL
     KRISTEN A. KEARNEY
     LESLIE A. WRIGHT
     Assistant U.S. Attorneys