# EXHIBIT 2



**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*　　　　　　　　　*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

November 27, 2019

John Hueston, Esq.
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

      Re:   *United States v. William McGlashan*
               No. 19-cr-10080-NMG

Dear Mr. Hueston:

     We write in response to your letter of November 15, 2019. This letter supplements the government's letters of September 16, 2019, September 24, 2019, October 1, 2019 and October 31, 2019.

     Your contention that we have not provided specific responses to your Rule 16 requests is not true. Our responses to your requests are clear. Rule 16, however, does not require that we answer civil-style interrogatories demanding that we itemize what we have produced, what we have not produced, and what we do not possess, in 90 separate categories. We believe we have satisfied our Rule 16 obligations. To the extent we come into possession of additional Rule 16 materials, we will produce those to you in a timely manner, as required.

     Likewise, we do not believe that *Brady* requires the government to "make a representation" with respect to each of 40 separate categories "as to whether or not it possesses such information." To the contrary, it is the defendant's burden, in making such requests, to specify as to each request what evidence you hope to find, why you think it exists, and why such evidence would be both favorable to the defendant and material. *See United States v. Prochilo*, 629 F.3d 264, 268 (1st Cir. 2011). You have not even attempted to meet this burden.[1]

---

[1] In your most recent letter, you suggest by way of example that Request 124, which "seeks documents evidencing any lie or misrepresentation Singer made to McGlashan," would provide evidence "that McGlashan was misled regarding the nature of the agreement (or agreements) he purportedly entered into and did not have the requisite intent for the charged crimes." Putting aside for the moment that we have already produced to you, as part of Rule 16

Notwithstanding the foregoing – and despite the fact that we do not believe any of the information set forth below constitutes *Brady* material – we have re-reviewed the FBI 302 reports of witness interviews in light of your requests, and we make the following disclosures in an abundance of caution:

- Aaron Fulk has advised the government, in sum and in substance, that Fulk spoke with Marin Academy's USC admissions representative a few days before the March 12, 2019 arrests in this case, and that the admissions representative told him that George McGlashan was on the "VIP list." Fulk said that this information did not surprise him, and that it was clear to him that McGlashan had connections at certain schools and was working those connections.

- Rebecca Gustin has advised the government, in sum and in substance, that George McGlashan was very smart, and that an ACT score of 34 was not "crazy," although George's grades were only "ok."

- Augustina Huneeus has advised the government, in sum and in substance, that William McGlashan and his wife were not stressed about school.

- Luke Rickford has advised the government, in sum and in substance, that as far as he knew the McGlashans were not involved in the cheating scheme and that he viewed the family as "above board." Rickford said that George McGlashan was a good student, and that Rickford would be somewhat surprised, but not shocked, if George received a 34 on his ACT exam because George's scores on practice exams were in the mid to upper 20s.

- Mark Riddell has advised the government, in sum and in substance, Riddell generally allowed students whose exams he proctored to use their cell phones to advise their parents prior to beginning the final examination section that they were about to start the final section.

- Rick Singer has advised the government, in sum and in substance, that William McGlashan knew that someone else would be taking the ACT for George McGlashan and getting a good score, but that William McGlashan did not want the full details of how the cheating scheme would work. Singer said that George McGlashan has a learning difference and would have received a score around 1200 on the SAT had he taken the test on his own. Singer also said that George McGlashan did not know that someone was

---

discovery, all documents within our possession that were exchanged between McGlashan and Singer, your contention that evidence of "any lie or misrepresentation" by Singer about *any* subject would prove that McGlashan was misled about the conspiracy and did not have criminal intent is obviously untrue. Indeed, this example illustrates your failure to demonstrate the relevance and materiality of your requests, as well as their overbreadth and speculative nature. Similarly, you suggest that Request 96, which seeks "any documents showing that McGlashan had reason to believe that a potential donation to USC would be valuable for the school," would provide evidence that McGlashan believed "a donation to USC would be legitimate." But, of course, that does not follow. A payment, styled as a donation, may be valuable to its recipient, even as it is also a bribe to the person who demanded it as a quid pro quo.

taking the ACT exam for him, and that he also did not know about the "deal" to recruit him as a purported kicker in exchange for a payment of $250,000.

- Paul Wachter has advised the government, in sum and in substance, that if George McGlashan was accepted to the Iovine and Young Academy (IYA) at USC, Wachter would hope that William McGlashan would then make a donation to that school. Wachter said he was shocked that William McGlashan was involved in the college admissions case.

We are aware of the continuing nature of our discovery obligations, and we will continue to make additional disclosures as required. We reiterate our request for reciprocal Rule 16 discovery.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: */s/ Kristen A. Kearney*
ERIC S. ROSEN
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
Assistant U.S. Attorneys