# EXHIBIT 4



**U.S. Department of Justice**

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*          *John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 16, 2019

Mr. John Hueston, Esq.
Hueston Hennigan LLP
620 Newport Center Drive, Suite 1300
Newport Beach, CA 92660

     Re: <u>United States v. William McGlashan</u>

Dear Mr. Hueston:

     This letter is in response to your letter dated September 3, 2019—styled as a request pursuant to FED. R. CRIM. P. 16 ("Rule 16") and 26.2 ("Rule 26.2"), 18 U.S.C. § 3500 ("Jencks Act"), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150, 154 (1972) and Local Rules 116.1, 116.2 and 116.4.

     *First*, with respect to materials producible pursuant to Rule 26.2, the Jencks Act and 18 USC 3500, as you are aware, these materials are not producible at this time. *See* Rule 16(a)(2) ("this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting this case. **Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.**"); 18 U.S.C. § 3500 ("no statement or report in the possession of the United States which was made by a Government witness (other than the defendant) shall be the subject of a subpoena, discovery or inspection until said witness has testified on direct examination in the trial of the case"); Rule 26.2 ("after a witness other than the defendant has testified on direct examination, the court … must order an attorney for the government … to produce … any statement of the witness that is in their possession").  Accordingly, subject to the caveat that statements contained in reports may be producible pursuant to *Brady*, as discussed below, FBI 302s or other witness reports are not producible at this time.

     *Second*, with respect to Rule 16 materials, the Government has produced eight tranches of discovery thus far.  This discovery has included statements of the defendant, items material to the preparation of the defense, and items the government intends to use in its case-in-chief.  We have complied with Rule 16.  The Government's investigation is ongoing, and pursuant to the Government's continuing obligations to produce Rule 16 materials under Rule 16(c), the Government will supplement its discovery on a monthly basis going forward.

In your letter, you note that the government has "produced some discovery pursuant to Local Rule 116.1," but is withholding materials that are "required to be produced." The government does not believe this to be the case. If you can provide me with specifics as to exactly what material you believe are missing, I can then make a determination as to whether they are available and are required to be produced pursuant to Rule 16.

You also note that you are requesting materials "pertinent to a potential entrapment defense." Entrapment requires a defendant to prove that: 1) there was "improper government inducement," and 2) that the defendant had a lack of predisposition to commit the offense. *See United States v. Teleguz,* 492 F.3d 80 (1st Cir. 2007). Here, given, at a bare minimum, that the ACT exam that McGlashan is alleged to have facilitated the cheating on occurred nearly one year before Rick Singer began cooperating with the government, it is unclear as to how there could be any "government inducement," let alone "improper government inducement," under these circumstances. Similarly, the vast majority of the steps taken, telephone calls and acts regarding the USC side door scheme—including the photos taken in McGlashan's backyard that were intended to be used as part of the football profile—took place well-before Singer's cooperation.

*Third, Brady* does not create a general right to criminal discovery. *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one."). Rather, it obligates the government to disclose evidence that is favorable to the accused and material to punishment. *See, e.g., United States v. Prochilo*, 629 F.3d 264 (1st Cir. 2011); *see also Strickler v. Greene*, 527 U.S. 263, 280 (1999) (evidence is "favorable to the accused" if it is exculpatory and "material" if there is a reasonable probability that, had it been disclosed, the result of the proceeding would have been different). It applies only to materials that are both known to the prosecution and unknown to the defense. *See, e.g., United States v. Bender*, 304 F.3d 161 (1st Cir. 2002) ("*Brady* applies to material that was known to the prosecution but unknown to the defense"). The government is familiar with its *Brady* obligations and has complied with and will continue to comply with them as this case progresses. *See Prochilo*, 629 F.3d at 268 ("The government is primarily responsible for deciding what evidence it must disclose to the defendant under *Brady*.").

If you are able to identify specific discovery materials you seek, and why you think those materials constitute *Brady*, please let us know, and we will be happy to consider such requests. *See Prochilo*, 629 F.3d at 268 (defendant's *Brady* request "cannot consist of mere speculation," and defendant "should be able to articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material").

Finally, I note that despite our request, you have not produced any Rule 16(b) discovery to the Government. As you are aware, a defendant is required to produce Rule 16(b) discovery if the item is within a defendant's possession or control and the defendant intends to use the item in his case-in-chief at trial. Please provide any discovery materials to the Government as soon as possible.

Examples of discovery materials sought by the Government include, but are not limited to, the following:

- On November 28, 2017, McGlashan emailed Rebecca Gustin at Marin Academy and stated, "I am in LA with George on Dec 9, and Rick (George's college councilor) has arranged for George to take the ACT test at a school while we are there over the weekend." The Government seeks all documents regarding: why the defendant was traveling to LA with George, when that decision and travel plans were made, the purpose of the trip, and any other business or activities conducted in LA by George and Bill other than taking the ACT at West Hollywood College Prep.

- Any record of financial contributions to West Hollywood College Prep by McGlashan;

- Any record of financial contributions to the Key Worldwide Foundation as well as any records of why McGlashan paid the Foundation $50,000;

- Any record of George McGlashan's involvement in football or kicking/punting, and any records showing him being recruited for football; and,

- Any record of McGlashan's communications with employees or board members of USC in which they offer to guarantee McGlashan's son admission to USC in exchange for a specified financial payment.

These are just examples of documents and records that could be used in any case-in-chief. I would like to schedule a call in the near future to discuss your requests as well as the government's reciprocal discovery requests.

Sincerely,

ANDREW E. LELLING
United States Attorney

By:  /s Eric S. Rosen
Eric S. Rosen
Justin D. O'Connell
Kirsten A. Kearney
Leslie A. Wright
Assistant U.S. Attorneys