# EXHIBIT 5

**JOHN C. HUESTON**  jhueston@hueston.com    620 Newport Center Drive
D: 949 226 6740    Suite 1300
T: 949 229 8640    Newport Beach, CA 92660
F: 888 775 0898

# HUESTON HENNIGAN LLP

September 24, 2019

**VIA E-MAIL & U.S. MAIL**

Eric S. Rosen
John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

Re:    Varsity Blues Discovery (19-CR-10080-NMG)

Dear Mr. Rosen:

We write in response to your letter dated September 16, 2019.  First, as a point of clarification, where you write that materials "are not producible at this time," we believe that your intent is to communicate that you interpret the law as not requiring production at this time, and that you are thus choosing not to produce materials within your possession, custody and control -- not that you are unable to produce materials.

However, to that end, we reiterate our request that in response to each specific category of documents requested, you specify whether you mean to represent (1) that you have produced all *Brady* material to-date; (2) that materials in response to the categories we listed do not exist and thus cannot be produced; or (3) that such materials do exist, but that you believe you have a basis for refusing to produce them.

As you are aware, whether your response fits into category (1), (2), or (3) above affects the remedies we would seek from the Court.  If the government represents that certain materials do not exist, we would rely on that government representation and not seek to compel them.  If the government instead represents that certain materials do exist – as we know they do, in the case of materials involving Singer, for example – but is choosing not to disclose them, we would seek court intervention.  "Where … [a] defendant has made a specific pretrial request for exculpatory information, reversal is required if nondisclosure "might have affected the outcome of the trial." *United States v. Agurs*, 427 U.S. 97, 104 (1976). "When the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable." *Id.* at 106.  Our September 3, 2019 letter made a number of specific and relevant requests. Your September 16 request did not address a single one.

Given that we have a status conference on October 2, 2019, please provide an updated response to our requests by October 1, 2019. Your response (or lack thereof) will inform the representations we make to Judge Kelley regarding the status of the government's productions and the likelihood that we will be making a discovery motion.  Vague statements that you will comply with your discovery obligations do not suffice. *See Duval*, 496 F.3d at 73 ("overly broad statements by the Government that all exculpatory information

5633300

## HUESTON HENNIGAN LLP

had been disclosed," which may have led defendant "to believe that the Government had in fact disclosed all that it knew, when it had not," is a violation of a prosecutor's "constitutional and statutory obligation").

You also represent in your letter that under 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2, you are not required to produce statements by prospective government witnesses until those witness have testified on direct examination. However, courts will find a Jencks Act violation where the Government delays in disclosing prior statements by witnesses that relate to their testimony at trial such that "defendant's counsel was prevented by the delay from using the disclosed material effectively in preparing and presenting the defendant's case." *United States v. Duval*, 496 F.3d 64, 73 (1st Cir. 2007).

Furthermore, Rule 26.2 and 18 U.S.C. § 3500 do not provide blanket protection up until trial for all statements made by prospective government witnesses without regard to whether those statements contain *Brady* material because "Brady's disclosure requirements extend to materials that, whatever their other characteristics, may be used to impeach a witness." *Strickler v. Greene*, 527 U.S. 263, 282 n. 21 (1999) (interview notes of government witness that "cast serious doubt" on the witness' testimony were discoverable *Brady* material); *Ferrara v. United States*, 456 F.3d 278, 292 (1st Cir. 2006) (affirming order vacating sentence where government "made affirmative misrepresentations" in its discovery letter that "the prosecution would satisfy its continuing duty to disclose all exculpatory evidence in a timely manner," but failed to disclose a "plainly exculpatory" memorandum memorializing witness' admission that "he did not receive a green light from the [defendant] to proceed" with the charged crime); *Conley v. United States*, 415 F.3d 183 (2005) (*Brady* violation warranting new trial occurred when government withheld memorandum indicating that key witness expressed uncertainty about his recollection of incident).

Our requests were carefully tailored to capture Rule 16 and *Brady* information we believe is in the government's possession, custody, or control. With regard to potential claims of entrapment, as you are aware, Mr. Singer did not begin pressing on the "side door" at USC until less than two months before Mr. Singer formally agreed to allow the FBI to monitor his phone. As such, we believe there are significant factual questions regarding when Mr. Singer first became aware of the government investigation and first had the motive to ensnare as many parents as possible into his scheme. *See United States v. Luisi*, 482 F.3d 43, 55 (1st Cir. 2007) (explaining that entrapment can occur when a middleman induces a targeted defendant to engage in illegal conduct).

Lastly, we are aware of our discovery obligations under Rule 16 and will produce any responsive documents when identified. However, our discovery obligations are not triggered until the government complies with our own Rule 16 requests for disclosure. *See* Fed. R. Crim. P. 16(b)(1)(A) (defendant's obligations are triggered "[i]f a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies); *see also United States v. Marenghi*, 893 F. Supp. 85, 87 (D. Me. 1995) ("A prerequisite to any obligation of Defendant to provide discovery under [Rule 16] is that the Defendant has requested discovery under Rule 16(a)(1)(C) or (D) and that the Government has complied with such request."). Please provide your assurance that the "eight tranches of discovery" you have already produced comprise the entire universe of documents responsive to the Rule 16 requests included in our September 3, 2019 letter. *See id.* (rejecting government's argument that production of general *Brady* materials, though "generous," triggered defendant's reciprocal obligation under Rule 16(b)). Otherwise, please make a representation regarding

# HUESTON HENNIGAN LLP

when you expect to complete your Rule 16 discovery, what you still anticipate producing, and the reason for the continued delay.

We look forward to hearing from you by October 1, 2019 on our September 3, 2019 requests.

Sincerely,

John C. Hueston

JCH

5633300