UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                     )<br>)<br>WILLIAM MCGLASHAN, JR,             )<br>)<br>Defendant.                              )<br>                                              ) | Case No. 19-CR-10080-NMG |

### ASSENTED-TO MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF SENTENCING MEMORANDUM AND CERTAIN LETTERS IN SUPPORT

Pursuant to Local Rule 7.2 for the U.S. District Court for the District of Massachusetts, Defendant William E. McGlashan, Jr. ("Mr. McGlashan") hereby respectfully moves for permission to file under seal limited portions of his forthcoming sentencing memorandum and certain letters in support of Mr. McGlashan to be filed therewith.  The undersigned counsel for Mr. McGlashan has conferred with counsel for the government, who indicated that the government assents to this motion.

Materials may be filed under seal upon a showing of "good cause."  *See* Local Rule 7.2(a).  In evaluating whether to seal documents, courts weigh the public's presumptive right of access to judicial records with any "[i]mportant countervailing interests" that can "overwhelm the usual presumption and defeat access."  *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013) (quoting *Siedle v Putnam Invs.*, 147 F.3d 7, 10 (1st Cir. 1998)).  Such countervailing interests include privacy interests of third parties, which "weigh heavily in a court's balancing equation" and are protected from public access because they constitute a "venerable common law exception to the presumption of access." *Kravetz*, 706 F.3d at 62 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

In this case, certain of Mr. McGlashan's friends have submitted letters of support to the Court that contain highly sensitive information that implicate their own privacy interests. McGlashan is asking the Court to protect from public disclosure that sensitive information. The material subject to the sealing order is very limited and, given that disclosure of the information will unduly affect those privacy interests, the requested sealing order will strike the appropriate balance.

WHEREFORE, Mr. McGlashan respectfully requests that the Court grant this motion to file under seal portions of his sentencing memorandum and certain letters in support of Mr. McGlashan.

Dated: May 5, 2021

Respectfully submitted,

/s/ *Jack W. Pirozzolo*
Jack W. Pirozzolo (BBO # 564879)
Sidley Austin LLP
60 State Street
36th Floor
Boston, MA 02109
(617) 223-0304
jpirozzolo@sidley.com

John C. Hueston (*pro hac vice*)
Marshall Camp (*pro hac vice*)
Brittani A. Jackson (*pro hac vice*)
Vicki Chou (*pro hac vice*)
HUESTON HENNIGAN LLP
523 W. 6th Street, Suite 400
Los Angeles, CA 90014
(213) 788-4340
jhueston@hueston.com
mcamp@hueston.com
bjackson@hueston.com
vchou@hueston.com

**LOCAL RULES 112.1 AND 7.1(A)(2) CERTIFICATION**

I, Jack W. Pirozzolo, counsel for Mr. McGlashan, hereby certify that, in accordance with Local Rules 112.1 and 7.1(A)(2), I have conferred with counsel for the government, who assents to this Motion.

>*/s/ Jack W. Pirozzolo*
>Jack W. Pirozzolo

**CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2021, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

>/s/ *Jack W. Pirozzolo*
>Jack W. Pirozzolo