UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>WILLIAM MCGLASHAN, JR.,<br><br>Defendant. | Criminal No. 19-CR-10080-NMG |

**WILLIAM MCGLASHAN, JR.'S UNOPPOSED MOTION
FOR EARLY TERMINATION OF HIS PERIOD OF SUPERVISED RELEASE**

Defendant William McGlashan, Jr. ("McGlashan" or "Defendant") hereby submits this unopposed motion for termination of his period of supervised release, pursuant to 18 U.S.C. § 3583(e) (the "Motion"). As set forth below, early termination of McGlashan's supervised release period is fully in accord with § 3582(e)(1) and applicable legal principles. The government has also stated that it takes no position on this motion. As grounds for this motion, McGlashan states as follows:

1. On May 12, 2021, after having pled guilty to one count of wire fraud, the Court sentenced McGlashan to three months imprisonment to be followed by 2 years supervised release, which included as special conditions 250 hours of community service at an agency approved by the Probation Office and certain financial reporting obligations. *See* Dkt. Nos. 1843, 1857. The Court also required McGlashan to pay a fine of $250,000 and a $100 special assessment within 60 days of the sentencing. *Id.* McGlashan paid both the fine and special assessment in advance of the time period set by the Court. At the time of his sentencing,

McGlashan had been on pretrial supervision for approximately 25 months and had been fully compliant.

2. The Court set a self-report date of June 9, 2021 for McGlashan to report to his assigned Bureau of Prisons ("BOP") facility. Dkt. 1857. McGlashan actually reported to his assigned facility on June 1, 2021, eight days earlier than ordered. BOP released McGlashan from custody on August 31, 2021 after serving the majority of his time in isolation due to COVID protocols.

3. In accordance with the Court's sentence, McGlashan's supervised release period began on August 31, 2021 and, although the District of Massachusetts probation office retained jurisdiction over McGlashan's supervised release period, his day to day supervision was overseen by the Northern District of California as a "courtesy supervision." This was due to the fact that McGlashan lives in the Northern District of California. McGlashan completed one year of supervised release on August 31, 2022.

4. McGlashan has been fully compliant with all of the terms for his supervised release. During the term of supervision McGlashan has had no issues of non-compliance and has been moved to a low risk caseload due to his risk factors and compliance. In addition, McGlashan completed his 250 hours of community service with Prison Professors, a non-profit assisting incarcerated individuals successfully reintegrate back into society. *See* September 4, 2022 Letter from Michal Santos to Hon. Nathaniel M. Gorton (attached at Exhibit 1). McGlashan not only completed his 250 court-ordered hours assisting this organization, but he has continued to spend considerable amount of time working with and assisting this non-profit. To date, McGlashan has devoted over 1000 hours helping Prison Professors, a number that will continue to increase given his ongoing involvement. *Id.*

    5. Based on his compliance with the conditions of supervision, the Northern District of California Probation Office granted McGlashan blanket travel approval for domestic work-related travel. McGlashan continues to ask permission from the probation office for pleasure travel outside the Northern District of California and for all travel, including work-related travel, internationally. During his time on supervision, this Court has granted McGlashan permission to travel internationally, including in September 2021, in November 2021 and, most recently, in June 2022. *See* Dkt. Nos. 2144, 2418, 2627. McGlashan provided the probation office with all the travel details and contacted it upon his return. However, some travel, particularly international travel, has required that McGlashan seek advance approval. This approval has often taken weeks to secure.

    6. While on supervised release, McGlashan has co-founded a company focused on regenerative agriculture and natural climate solutions. *See* September 8, 2022 Letter From William McGlashan to Hon. Nathaniel M. Gorton (attached at Exhibit 2). The company's business is global, with customers and research on all five continents. Like all small international businesses, travel is critical and, by nature, short notice. The requirement to seek permission four weeks in advance, along with the possibility of denial, dramatically limits his ability to do his job effectively and carry out his responsibilities to his fellow employees and investors. Also, because his case is courtesy supervised in the Northern District of California, the approval process for international travel has proven to be even more time consuming than might otherwise be the case. This is largely because McGlashan's requests are routed through two probation offices, first the Northern District of California and then the District of Massachusetts.

7. Early termination of supervision is both authorized by statute and encouraged under current court policy. The relevant statute provides that the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (permitting termination upon consideration of the factors set forth in 18 U.S.C. § 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) and a finding that the interest of justice warrant early termination). Current court policy has encouraged early termination of supervised release, particularly for non-violent offenders with little risk of re-offending. *See, for example*, Hon. Robert Holmes Bell, Chair, JUDICIAL CONFERENCE COMMITTEE ON CRIMINAL LAW, MEMORANDUM RE: COST-CONTAINMENT STRATEGIES RELATED TO PROBATION AND PRETRIAL SERVICES OFFICES (February 16, 2012) (encouraging courts to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs); *see also* USSG 5D1.2, Application Note 5 (encouraging Courts to terminate supervised release periods early).

8. Consistent with the current policy encouraging early termination of supervise release, the Judicial Conference has identified the following criteria to assess eligibility for early termination of supervised release: (1) stable community reintegration (e.g., residence, family, employment); (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction; (4) no history of violence; (5) no recent arrests or convictions or ongoing uninterrupted patterns of criminal conduct; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public

safety based on the Risk Prediction Index (RPI). *See Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010) (the "Policy"). Moreover, the Judicial Conference has encouraged probation officers to consider early termination of supervision as soon as the individual is eligible. *Id.*

9. Each and every one of these considerations weighs in favor of early termination of McGlashan's supervised release period. McGlashan has been on supervised release for more than one year, and so is eligible for early termination. As to factor (1), McGlashan is well settled and has deep family roots where he lives in the San Francisco area. As to factor (2), he not only has complied with, and completed, all of his obligations during the period of supervisions, but he has actually substantially exceeded the community service obligations by continuing to be an active supporter and volunteer in the Prison Professors organization. He also has fully complied with his financial obligations, making all required fine and special assessment payments well in advance of the 60-day period the Court ordered.

10. As to factors (3), (4) and (5), McGlashan's offense was a lone lapse in an otherwise exemplary life and career. This was his first and only involvement with the criminal justice system. Although reserving the right to appeal legal issues related to his charge, he fully accepted responsibility for his conduct, serving his sentence even before his appeal has been decided. McGlashan's offense of conviction was a non-violent offense and he otherwise has neither any history of violence nor any pattern of criminal conduct.

11. As to the remaining considerations -- (6), (7), (8) and (9) -- McGlashan has no history of drug or alcohol abuse; he has no psychiatric issues; he poses no safety risk to anyone; and he otherwise poses no identifiable risk to public safety.

12. As McGlashan has tried to move forward from his offense and, among other things, re-establish his involvement in, and support of, socially-responsible projects overseas, supervised release has become an obstacle to his success rather than a support. In particular, because international travel on short notice is a key component of his efforts to support these social-responsible projects as art of his business, the procedures for requesting and gaining permission for travel have made the necessary travel on short notice essentially impossible. Accordingly, early termination of supervised release is not only fully supported under well settled and well-articulated policies encouraging early termination, but it is particularly appropriate in McGlashan's case where the conditions of release that limit his travel are frustrating, rather than facilitating, his ability to move on from the offense.

13. On September 7, 2022, McGlashan contacted his probation officer in the Northern District of California regarding early termination of supervision. The probation officer directed him to file this motion. The probation officer did not otherwise express a view on this request. Undersigned counsel conferred with the government regarding this motion and the government stated that it took no position on the motion.

WHEREFORE, McGlashan respectfully requests that the Court terminate his period of supervised release.

Respectfully submitted,

/s/Jack W. Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
jpirozzolo@sidley.com
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304

Dated: September 14, 2022

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that in accordance with Local Rule 7.1, I conferred with government counsel on September 9, 2022 regarding the foregoing motion and government counsel stated that he does not take a position on the motion.

/s/Jack W. Pirozzolo
Jack W. Pirozzolo

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of September, 2022, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record via the Court's electronic filing system.

Dated:  September 14, 2022                                        /s/Jack W. Pirozzolo
                                                                                        Jack W. Pirozzolo