# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>vs.<br><br>WILLIAM MCGLASHAN, JR.,<br><br>Defendant. | Criminal No. 19-CR-10080-NMG |

### WILLIAM MCGLASHAN, JR.'S RENEWED UNOPPOSED MOTION FOR EARLY TERMINATION OF HIS PERIOD OF SUPERVISED RELEASE

Defendant William McGlashan, Jr. ("McGlashan" or "Defendant") hereby submits this renewed unopposed motion for termination of his period of supervised release, pursuant to 18 U.S.C. § 3583(e) (the "Motion"). This is a renewed motion filed in accordance with the Court's September 19, 2022 Order denying McGlashan's motion for early termination of supervised release without prejudice to re-file in February 2023. *See* Dkt. 2644. As set forth below, early termination of McGlashan's supervised release period is fully in accord with § 3583(e)(1) and applicable legal principles. The probation office has informed McGlashan that it does not oppose termination. The government takes no position. As further grounds for this motion, McGlashan states as follows:

1. On May 12, 2021, after having pled guilty to one count of wire fraud, the Court sentenced McGlashan to three months imprisonment to be followed by 2 years supervised release, which included as special conditions 250 hours of community service at an agency approved by the probation office and certain financial reporting obligations. *See* Dkt. Nos. 1843, 1857. The Court also required McGlashan to pay a fine of $250,000 and a $100 special assessment within 60 days of the sentencing. *Id.* McGlashan paid both the fine and special

assessment in advance of the time period set by the Court. At the time of his sentencing, McGlashan had been on pretrial supervision for approximately 25 months and had been fully compliant.

2. The Court set a self-report date of June 9, 2021 for McGlashan to report to his assigned Bureau of Prisons ("BOP") facility. *See* Dkt. 1857. McGlashan actually reported to his assigned facility on June 1, 2021, eight days earlier than ordered. BOP released McGlashan from custody on August 31, 2021 after serving the majority of his time in isolation due to COVID protocols.

3. In accordance with the Court's sentence, McGlashan's supervised release period began on August 31, 2021 and, although the District of Massachusetts probation office retained jurisdiction over McGlashan's supervised release period, his day-to-day supervision was overseen by the Northern District of California as a "courtesy supervision." This was due to the fact that McGlashan lives in the Northern District of California. McGlashan completed one year of supervised release on August 31, 2022.

4. On September 14, 2022, McGlashan moved for early termination of his supervised release term. *See* Dkt. 2642. On September 19, the Court denied McGlashan's request "without prejudice to being re-filed in February, 2023." *See* Dkt. 2644. Consistent with the Court's order, McGlashan is now re-filing his request.

5. As was the case in September 2022, McGlashan has continued to be fully compliant with all of the terms of his supervised release. During the term of supervision McGlashan has had no issues of non-compliance and has been moved to a low-risk caseload due to his risk factors and compliance.

6. While on supervised release, McGlashan has co-founded a company focused on regenerative agriculture and natural climate solutions. *See* Dkt. 2642, Attachment 2. The

company's business is global, with customers and research on all five continents.

7. In addition, McGlashan completed his 250 hours of community service with Prison Professors, a non-profit assisting incarcerated individuals successfully reintegrate back into society. *See* Dkt. 2642, Attachment 1. McGlashan not only completed his 250 court-ordered hours assisting this organization, but he has continued to spend a considerable amount of time working with and assisting this non-profit. To date, McGlashan has devoted over 1000 hours helping Prison Professors, a number that will continue to increase given his ongoing involvement. *Id.*

8. Although the Court has authorized McGlashan to travel domestically and internationally for business purposes with prior notice to the probation department, s*ee, e.g.*, Dkt. 2650, McGlashan is unable to travel to Prison Professors programs in prisons because he is still on supervised release. *See* January 24, 2023 Letter from Michael Santos (attached as Exhibit 1). Termination of his supervised release now will permit McGlashan to participate fully in his ongoing work with Prison Professors.

9. Early termination of supervision is both authorized by statute and encouraged under current court policy. The relevant statute provides that the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (permitting termination upon consideration of the factors set forth in 18 U.S.C. § 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) and a finding that the interest of justice warrants early termination). Current court policy has encouraged early termination of supervised release, particularly for non-violent offenders with little risk of re-offending. *See, e.g.*, Hon. Robert Holmes Bell, Chair, JUDICIAL CONFERENCE COMMITTEE ON CRIMINAL LAW,

MEMORANDUM RE: COST-CONTAINMENT STRATEGIES RELATED TO PROBATION AND PRETRIAL SERVICES OFFICES (February 16, 2012) (encouraging courts to grant early termination of supervised release in appropriate cases as an effort to reduce expenditures in the probation and pretrial services programs); *see also* USSG 5D1.2, Application Note 5 (encouraging courts to terminate supervised release periods early).

10. Consistent with the current policy encouraging early termination of supervised release, the Judicial Conference has identified the following criteria to assess eligibility for early termination of supervised release: (1) stable community reintegration (e.g., residence, family, employment); (2) progressive strides toward supervision objectives and in compliance with all conditions of supervision; (3) no aggravated role in the offense of conviction; (4) no history of violence; (5) no recent arrests or convictions or ongoing, uninterrupted patterns of criminal conduct; (6) no recent evidence of alcohol or drug abuse; (7) no recent psychiatric episodes; (8) no identifiable risk to the safety of any identifiable victim; and (9) no identifiable risk to public safety based on the Risk Prediction Index (RPI). *See Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010) (the "Policy"). Moreover, the Judicial Conference has encouraged probation officers to consider early termination of supervision as soon as the individual is eligible. *Id.*

11. Each and every one of these considerations weighs in favor of early termination of McGlashan's supervised release period. McGlashan has been on supervised release for eighteen months, and so is eligible for early termination. As to factor (1), McGlashan is well-settled and has deep family roots where he lives in the San Francisco area. As to factor (2), he not only has complied with, and completed, all of his obligations during the period of supervisions, but he has actually substantially exceeded the community service obligations by continuing to be an active supporter and volunteer in the Prison Professors organization. He also has fully complied with

his financial obligations, making all required fine and special assessment payments well in advance of the 60-day period the Court ordered.

12. As to factors (3), (4) and (5), McGlashan's offense was a lone lapse in an otherwise exemplary life and career. This was his first and only involvement with the criminal justice system. Although reserving the right to appeal legal issues related to his charge, he fully accepted responsibility for his conduct, serving his sentence even before his appeal has been decided. McGlashan's offense of conviction was a non-violent offense and he otherwise has neither any history of violence nor any pattern of criminal conduct.

13. As to the remaining considerations -- (6), (7), (8) and (9) -- McGlashan has no history of drug or alcohol abuse; he has no psychiatric issues; he poses no safety risk to anyone; and he otherwise poses no identifiable risk to public safety.

14. McGlashan has communicated with his probation officer regarding this motion and understands that the probation department does not oppose early termination of his supervised release. Undersigned counsel conferred with the government regarding this motion and the government takes no position on the motion.

WHEREFORE, McGlashan respectfully requests that the Court terminate his period of supervised release.

Respectfully submitted,

/s/Jack W. Pirozzolo
Jack W. Pirozzolo (BBO # 564879)
jpirozzolo@sidley.com
SIDLEY AUSTIN LLP
60 State Street, 36th Floor
Boston, MA 02109
(617) 223-0304

Dated: February 13, 2023

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that in accordance with Local Rule 7.1, I conferred with government counsel on February 10, 2023 regarding the foregoing motion and government counsel stated that he does not take a position on the motion.

/s/Jack W. Pirozzolo
Jack W. Pirozzolo

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of February, 2023, a true and complete copy of the foregoing has been filed with the Clerk of the Court pursuant to the Court's electronic filing procedures, and served on counsel of record via the Court's electronic filing system.

Dated: February 13, 2023   /s/Jack W. Pirozzolo
                                                       Jack W. Pirozzolo